**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SULLIVAN, WARD, ASHER & PATTON, P.C.**
25800 Northwestern Hwy.
1000 Maccabees Center
PO Box 222
Southfield, Michigan 48037-0222
Telephone: 248.746.0700
Facsimile: 248.746.2760
Attorneys of Record for Plaintiff
David J. Selwocki (P4375499)
Michael J. Asher (P3064946)

**07 CV 3249**

**JUDGE BRIEANT**

_____/

SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL NO. 38 VACATION FUND,
SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION LOCAL NO. 38 INSURANCE AND
WELFARE FUND, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
PROFIT SHARING PLAN, SHEET METAL WORKERS
LOCAL 38 LABOR MANAGEMENT COMMITTEE
AND TRUST, SHEET METAL WORKERS LOCAL 38
CRAFT TRAINING FUND, SHEET METAL WORKERS
NATIONAL PENSION FUND, SHEET METAL WORKERS
LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST
FUNDS established and administered pursuant to federal law,

    Plaintiffs,

vs.

DFS HEATING & AIR CONDITIONING CORPORATION,
INC., and PAUL GROBELNY, Individually,

    Defendants.
_____/

Case No.: 07-cv-
Judge

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants, DFS HEATING

& AIR CONDITIONING CORPORATION, INC. and PAUL GROBELNY, Individually, state as follows:

1. Plaintiffs SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 VACATION FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 INSURANCE AND WELFARE FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 ANNUITY FUND, SHEET METAL NATIONAL PENSION FUND; SHEET METAL CONTRACTORS INDUSTRY FUND; SHEET METAL WORKERS LOCAL 38 LABOR MANAGEMENT COMMITTEE AND TRUST, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING FUND, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST FUNDS ("FUNDS"), have administrative offices in the City of Brewster, New York.

2. Defendant DFS HEATING & AIR CONDITIONINING CORPORATION INC., is a New York Corporation that has a place of business and conducts business in the State of New York (hereinafter "DFS HEATING").

3. Defendant PAUL GROBELNY (hereinafter "GROBELNY") is an individual who is the principal owner/officer of the corporate Defendant. The Individual Defendant is responsible for running the day-to-day operations of the company and responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiff FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The Plaintiff FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 38, (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant DFS HEATING was signatory to a Collective Bargaining Agreement with the Union.

7. Plaintiff FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between DFS HEATING, and the Union, DFS HEATING, agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by DFS HEATING, and covered by the Agreement.

9. Pursuant to the provisions of the Plans of the Fringe Benefit Funds, contributions become vested Plan assets when due.

10. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection.

11. That pursuant to the Collective Bargaining Agreement, the trustees are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit the trustees to determine whether such employer is making the appropriate contributions under the Agreement.

12. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

13.     This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between a labor organization and an employer.

### COUNT I – Breach of Collective Bargaining Agreement
### And Violation of 29 USC §1145

14.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 13 above as though fully set forth herein.

15.     That notwithstanding its contractual obligations, Defendant, DFS HEATING has failed and refused to pay its obligations and thus has violated the Collective Bargaining Agreement.

16.     Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendant's part required to be performed under the Collective Bargaining Agreement and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

- A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

- B.    Enter a Judgment in favor of Plaintiff FUNDS against Defendant, DFS HEATING & AIR CONDITIONING CORPORATION INC., for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

- C.    Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

- D.    Order a complete audit of Defendants' books and records.

- E.    Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties

17. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 16 above as though fully set forth herein.

18. GROBELNY was a fiduciary with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of assets of the Plans.

19. By engaging in the acts and omissions described, GROBELNY has breached his fiduciary duty regarding the Funds within the meaning of 29 U.S.C. §1104(a)(1)(A).

20. Individual Defendant, GROBELNY is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter a Judgment in favor of Plaintiff FUNDS against Defendant DFS HEATING & AIR CONDITIONING CORPORATION INC. and PAUL GROBELNY, for all unpaid fringe benefit contributions, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

C. Enter an Order that jurisdiction of this matter be retained pending compliance with the court's Orders; and

D. Order a complete audit of Defendants' books and records.

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT III – Judgment on Arbitration Against Defendant, DFS Heating

21. Plaintiffs reallege and incorporate the allegations stated in paragraphs 1 through 20 above as though fully set forth herein.

22. At all relevant times hereto Defendant, DFS HEATING was bound to a Collective Bargaining Agreement with the Union, Sheet Metal Local 38 (**Exhibit A**).

23. Defendant, DFS HEATING has paid fringe benefit obligations to Plaintiff Funds on a regular basis and submitted the appropriate contribution forms as required by the applicable Collective Bargaining Agreement (hereinafter "CBA").

24. Pursuant to the terms of the CBA, the Union filed a grievance against the Defendant (**Exhibit B**).

25. Pursuant to the terms and conditions of the CBA, the grievance was sent to the Local Joint Adjustment Board for arbitration on October 18, 2006 (**Exhibit C**).

26. On November 6, 2005, the Local Joint Adjustment Board issued a decision against the Defendants in the amount of $13,499.10 (**Exhibit D**).

27. Pursuant to the language of Article 10, Section 2 of the CBA attached hereto as Exhibit A, a decision of the Local Joint Adjustment Board shall be final and binding except in the case of a deadlock.

28. This action is brought pursuant to the rights and responsibilities of the Fringe Benefit Funds pursuant to 29 USC §1132(g)(2) and 9 USC §9.

29. The Defendant has not paid the arbitration award.

30. The Defendant has not filed objections to the arbitration award.

31. Plaintiffs now seek entry of a Judgment upon the arbitration award of the Local Joint Adjustment Board pursuant to the CBA and applicable federal law. Further, pursuant to the CBA, Plaintiffs are entitled to all attorney fees and costs in pursuing this matter.

32. Attached hereto as **Exhibit E** is a proposed Judgment on the arbitration award.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter a Judgment enforcing the arbitration award against the Defendant, DFS HEATING & AIR CONDITIONING

CORPORATION, INC., and award all other costs and fees pursuant to the CBA upon further submissions of the Plaintiffs.

                                Respectfully Submitted,

                                **SULLIVAN, WARD, ASHER,**
                                **& PATTON, P.C.**

By: _/s/ David J. Selwocki_____
      DAVID J. SELWOCKI  DS1018
      Attorneys for Plaintiffs
      25800 Northwestern Highway
      PO Box 222
      Southfield MI  48037-0222
      (248) 746-0700

Dated:     April 20, 2007

W0501205/S23-117811